# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SAFE CHOICE, LLC
**Plaintiff**

**V.**

CITY OF CLEVELAND
**Defendant**

**CASE NO.** CV24105768

**JUDGE** JEFFREY P SAFFOLD

## SUMMONS

SUMC CM

**Notice ID:** 55117256

From: SAFE CHOICE, LLC P1
11811 SHAKER BLVD.
SUITE 415
CLEVELAND OH 44120

Atty.: ARLEESHA WILSON
600 SUPERIOR AVENUE E
SUITE 1300
CLEVELAND, OH 44114

To: CITY OF CLEVELAND D1
601 LAKESIDE AVENUE
CLEVELAND OH 44114

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.

COMMON PLEAS COURT · CUYAHOGA COUNTY OHIO

**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**EXHIBIT A**

**Date Sent:** 10/21/2024

**By**______________________ 
**Deputy**

CMSN130

UNITED STATES
POSTAL SERVICE

Date Produced: 10/28/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 5610 78. Our records indicate that this item was delivered on 10/25/2024 at 09:33 a.m. in CLEVELAND, OH 44101. The scanned image of the recipient information is provided below.

Signature of Recipient :

Delivery Section

Signature X FOR CERTIFIED MAIL

Printed Name CITY OF CLEVELAND DIVISION OF PRINTING

Address of Recipient :

Delivery Address AND REPRODUCTION

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

CV24105768 / 551172256 / CITY OF CLEVELAND / 2024-10-30 05:18
Customer Reference Number: Case - CV24105768
Sent To: 601 LAKESIDE AVENUE CLEVELAND, OH 44114

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**October 21, 2024 09:20**

By: ARLEESHA WILSON 0097351

Confirmation Nbr. 3304853

| | |
|---|---|
| SAFE CHOICE, LLC | CV 24 105768 |
| vs. | |
| CITY OF CLEVELAND | **Judge:** JEFFREY P. SAFFOLD |

**Pages Filed:** 8

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| **SAFE CHOICE, LLC**<br>11811 Shaker Blvd, Suite 415<br>Cleveland, OH 44120<br><br>**Plaintiff,**<br>**vs.**<br><br>**CITY OF CLEVELAND**<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114<br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No.**<br><br><br><br>**JUDGE**:<br><br><br><br>**<u>COMPLAINT</u>**<br><br>**(Jury Demand Endorsed Hereon)** |

NOW COMES Safe Choice, LLC ("**Plaintiff**"), by and through undersigned counsel, and for its Complaint against the City of Cleveland ("**Defendant**"), states as follow:

## PARTIES

1. Plaintiff is an Ohio limited liability company with its principal place of business located at 11811 Shaker Blvd, Suite 415, Cleveland, OH 44120.
2. Defendant is a municipal corporation, organized and existing under the laws of the State of Ohio and the Ohio Constitution.

## JURISDICTION AND VENUE

3. This is a civil action brought against Defendant pursuant to R.C. § 9.312 and § 735.05; Title 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution; and equal protection under the Ohio Constitution; and Title 42 U.S.C. § 1988, which authorizes Plaintiff's application for fees and provides that a Court may award reasonable attorney's fees as part of costs in any action or proceeding to enforce a provision of Title 42 U.S.C § 1983.
4. Defendant acted through its agents, employees, and/or servants. All actions were State Actions, and the city of Cleveland is a state actor, operating under the color of State law.



Electronically Filed 10/21/2024 09:20 / / CV 24 105768 / Confirmation Nbr. 3304853 / CLDLJ

5. All of the acts or omissions complained of are alleged to have been committed in Cuyahoga County, Ohio, thus venue in this Court is proper.

## FACTUAL ALLEGATIONS

6. Plaintiff is a duly registered company in good standing with the State of Ohio and certified to do business with the Defendant.
7. Plaintiff offers a wide range of security services and has been operating for several years.
8. Plaintiff regularly receives invitations to bid on security contracts with the Defendant but Defendant's agents and employees have systematically excluded from larger, more lucrative projects since 2018.
9. Defendant is subject to competitive bidding statutes, requiring, among other things, that contracts be awarded to "the lowest competent and responsible bidder."
10. However, Defendant's practice of awarding of service contracts violated of Ohio's competitive bidding laws, and Plaintiff's rights.
11. Upon information and belief, Defendant maintained two versions of a security services vendor list: one that included Plaintiff and another that excluded Plaintiff as a security service vendor.
12. Defendant's use of two different lists shows that Defendant blatantly steered business away from Plaintiff, causing Plaintiff direct harm.
13. The City's handling of security requests has resulted in steering business toward favored companies, while excluding Plaintiff.
14. As a result, Plaintiff has been denied opportunities for contracts, including construction projects, NFL events, movies, and parades.
15. Several competing bidders were directly involved in exchanging unreported payouts with Defendants agents and/or employees.

16. As a result of Defendant's wrongful actions, Plaintiff has been excluded from major city projects, suffering significant financial losses and reputational damage.

**COUNT ONE: DECLARATORY JUDGMENT**

17. Plaintiff incorporates all statements and allegations set forth above as if fully rewritten herein.
18. A real and justiciable controversy now exists between the parties regarding whether Defendant has acted improperly, unlawfully, arbitrarily and/or capriciously during its competitive bidding process, pursuant to Ohio Revised Code 9.312.
19. Plaintiff has no adequate remedy at law, and as such, requests that this Court enter a declaratory judgment declaring as follows:
    a. Defendant violated Ohio Revised Code 9.312,
    b. that Defendant improperly, unlawfully, arbitrarily and/or capriciously awarded contracts to the Plaintiff's detriment,
    c. the decision to exclude Plaintiff from the vendor list was unlawful and steered business away from Plaintiff, and
    d. that Defendants determination of the lowest competent and responsible bidder from a list Plaintiff was missing from was an abuse of discretion.
20. A real controversy between the parties that is justiciable in character and speedy relief is necessary to preserve the rights and interests of the Plaintiff.

**COUNT TWO: BID PREPARATION COSTS**

21. Plaintiff incorporates all statements and allegations set forth above as if fully rewritten herein.
22. Plaintiff incurred costs related to preparing a bid for projects Defendant improperly rejected.

23. Upon a determination by this Court that Defendant improperly awarded the contract, Plaintiff is entitled to recover its reasonable bid-preparation costs pursuant to *Meccon, Inc. v. Univ. of Akron*, 126 Ohio St.3d 231, 235, 933 N.E.2d 231, 2010-Ohio-3297.

**COUNT THREE: EQUAL PROTECTION UNDER THE LAW**
(Pursuant To Article I, Sections 2 And 16 Of Ohio Constitution And Fourteenth Amendment to United States Constitution)

24. Plaintiff incorporates all statements and allegations set forth above as if fully rewritten herein.
25. Plaintiff was discriminated against in direct violation of the protections afforded by Equal Protection Doctrine, without a lawful, rational basis to do so.
26. Defendant has engaged in conduct either intentionally or recklessly, that results in discrimination against Plaintiff in direct violation of Plaintiff's equal protection rights.
27. Plaintiff is a minority owned security company and Defendant's actions of steering contracts to non-minority competitors in direct violation of Plaintiff's equal protection rights.
28. As a direct and proximate result of Defendant's actions, Plaintiff will continue to incur costs.

**COUNT FOUR: CONSIPIRACY TO INTERFERE WITH CIVIL RIGHTS**
(Pursuant To 42 USC §1985)

29. Plaintiff incorporates all statements and allegations set forth above as if fully rewritten herein.
30. Defendant's agents and employees, for purpose of depriving, either directly or indirectly the Plaintiff of Equal Protect of the laws, or of equal privileges or immunities under the laws, or for the purposes of preventing or hindering the constituted authorities and agents of the City of Cleveland from giving or securing to Plaintiff equal protection of the laws.
31. As a direct and proximate result of Defendant's actions, Plaintiff will continue to incur harm.

**COUNT FIVE: FRAUDULENT MISREPRESENTATION AND CONCEALMENT**

32. Plaintiff incorporates all statements and allegations set forth above as if fully rewritten herein.

33. Upon information and belief, Defendant, by and through its agents, engaged in fraudulent misrepresentation and concealment by maintaining two separate vendor lists: one that included Plaintiff, and one that excluded Plaintiff form consideration for key security contracts, all while purporting to Plaintiff that it was listed as an eligible vendor on the City's official records,
34. As a result, Plaintiff was systematically denied the opportunity to bid on significant contracts.
35. Defendant misrepresented to Plaintiff that it remained on the vendor list and eligible for contract opportunities, while simultaneously steering business to other favored companies. This intentional concealment deprived Plaintiff of very lucrative business opportunities.
36. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff has suffered substantial financial damages, including lost business opportunities, diminished revenue, and reputational harm, in an amount to be determined at trial.

**<u>COUNT SIX: TORTIOUS INTEREFERENCE WITH BUSINESS RELATIONS</u>**

37. Plaintiff incorporates all statements and allegations set forth above as if fully rewritten herein.
38. Defendant, through its agents intentionally interfered with Plaintiff's existing and prospective business relationships by excluding Plaintiff from vendor lists, preventing Plaintiff from competing fairly.
39. This interference was carried out by Defendant's agents, who directed contracts toward favored vendors.
40. This interference was done with the intent to cause financial harm to Plaintiff and prevent it from participating in business opportunities within the Defendant's public contracting system.
41. As a direct and proximate result of Defendant's wrongful interference, Plaintiff suffered substantial financial losses, including lost profits and diminished future business opportunities.

**<u>COUNT SEVEN: CIVIL CONSIPIRACY</u>**

42. Plaintiff incorporates all statements and allegations set forth above as if fully rewritten herein.

43. Defendant wrongfully, wantonly, willfully and maliciously conspired among themselves to accomplish the foregoing tortious misdeeds.

44. Defendant, by and through its agents, conspired with other individuals and entities to deprive Plaintiff, of business opportunities through unlawful means, including the underlying acts of fraudulent misrepresentation and tortious interference with business relations. These acts were committed with the intent to harm Plaintiff's business by manipulating the competitive bidding process, unlawfully excluding Plaintiff from vendor opportunities.

45. This malicious combination was effectuated through underlying unlawful acts, including fraudulent misrepresentation and tortious interference with business relations, which were committed to prevent Plaintiff from competing in the marketplace. As a direct result of these unlawful acts and the conspiracy, Plaintiff suffered significant financial losses, including lost business opportunities, diminished revenue, and harm to its reputation.

**COUNT EIGHT: VIOLATION OF OHIO OPEN MEETINGS ACT**
**(OHIO SUNSHINE LAWS, Pursuant To R.C. § 121.22)**

46. Plaintiff incorporates all statements and allegations set forth above as if fully rewritten herein.

47. Defendant violated Ohio's Open Meetings Act, R.C. § 121.22, by conducting private, closed-door meetings in which decisions were made to exclude Plaintiff, from the city's vendor list and bidding opportunities. These decisions were made without proper public notice or transparency, depriving Plaintiff of its statutory right to participate in a fair and open bidding process.

48. As a direct result of these unlawful actions, Plaintiff was excluded from bidding on key city contracts, causing financial harm and reputational damage to Safe Choice.

**WHEREFORE,** Plaintiff prays for judgment against Defendant, as follows:

A. Compensatory, incidental, and consequential damages against Defendant in an amount to be determined at trial which will fully, fairly and justly compensate the Plaintiff, for the

aforementioned damages, expenses, and injuries, but in excess of Twenty-Five Thousand Dollars ($25,000 00);

B. On each count as applicable punitive damages against Defendant in an amount to be determined at trial but in excess of Twenty-Five Thousand Dollars ($25,000.00);

C. On each applicable count, Plaintiff requests declaratory and injunctive relief prohibiting Defendant from further engaging in fraudulent misrepresentation, tortious interference with business relations, or any other unlawful acts that impair Plaintiff's business interests;

D. Reasonable attorneys' fees, fines, costs, and treble damages as mandated and/or permitted by statute, code, policy, ordinance, regulation, or other applicable law or equitable principal; and,

E. Punitive damages, as permitted by law, from the date of injury through the date of judgment; and

F. Any and all other relief which this Honorable Court deems just and equitable or to which the Plaintiff is entitled by law and/or by equity.

Respectfully submitted,

Arleesha Wilson, Esq. (0097351)
Law Office of Arleesha Wilson
600 Superior Avenue. Suite 1300
Cleveland, Ohio 44114
216-278-7543 (office)
833-938-2002 (fax)
justice@attorneyawilson.com

*Attorn y for Plaint f S fe Choice, LLC*



Electronically Filed 10/21/2024 09:20 / / CV 24 105768 / Confirmation Nbr. 3304853 / CLDLJ

**JURY DEMAND**

Plaintiffs, by and through counsel, pursuant to Ohio R. Civ. P. 38, hereby demand a trial by jury as to all issues so triable.

Arleesha Wilson

Arleesha Wilson, Esq. (0097351)
Attorney for Plaintiff



Electronically Filed 10/21/2024 09:20 / / CV 24 105768 / Confirmation Nbr. 3304853 / CLDLJ