IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAFE CHOICE, LLC | : | Case No: 1:24-CV-02033-PAB |
| Plaintiff, | : | |
| | : | JUDGE: PAMELA A. BAKER |
| vs. | : | |
| CITY OF CLEVELAND | : | **PLAINTIFF'S RESPONSE TO THE** |
| | : | **COURT'S ORDER TO SHOW CAUSE** |
| Defendant. | : | |

NOW COMES Safe Choice, LLC, by and through undersigned counsel, hereby respectfully submits its Response to the Court's Order to Show Cause dated September 30, 2025, and, for the reasons stated herein, respectfully requests that the Court not hold Plaintiff in contempt for violating the Court's September 25, 2025, order.

Respectfully submitted,

*/s/ Arleesha Wilson*

Arleesha Wilson, Esq. (0097351)
Law Office of Arleesha Wilson
600 Superior Avenue. Suite 1300
Cleveland, Ohio 44114
216-278-7543 (office)
833-938-2002 (fax)
justice@attorneyawilson.com

*Attorney for Plaintiff Safe Choice, LLC*

1

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

## I. INTRODUCTION

On May 4, 2025, Plaintiff filed its Brief in Opposition to Defendant's Motion for Judgment on the Pleadings. On September 25, 2025, the Court filed an Order stating that Plaintiff cited four cases that the Court was unable to locate using standard legal research tools. The Court further ordered Plaintiff provide the Court with PDF copies of each of the four cases unable to be located, or file an explanation as to why it is unable to provide the Court with copies of said cases, by no later than September 29, 2025, at 4:30 p.m.

On September 29, 2025, Plaintiff attempted to upload the requested documentation to the Court's CM/ECF system. That submission included both a Table of Authorities and the case law as ordered. Unfortunately, the system repeatedly rejected the filing, preventing timely docketing. After several attempts to reconfigure the file and re-file the documents, Plaintiff's Counsel sent an email on September 29, 2025, at 4:45 PM notifying the Court of the issue in uploading and in good faith, attached the materials to that email because Counsel was unable to complete the electronic filing. Counsel also attached a copy of the error notices that were received when trying to file the requested documents.

On September 30, Plaintiff's counsel called the ECF help desk to get guidance as to why the filing might be rejected. Several suggestions were given to rectify the issue; however, none of the suggestions worked. The error message was still being received when trying to file the ordered documents. Plaintiff's counsel called the help desk again, to explain the ongoing issue. A different suggestion was given regarding fixing the issue. Plaintiff's counsel was then able to successfully file the cases cited.

2

On September 30, 2025, the Court found, based on the documents submitted by Plaintiff's Counsel, that Plaintiff had not provided the four identified cases or an explanation for their absence as required by the September 25 Order.

This order prompted the undersgined to review the brief that was filed in the Court (rather than working solely from the draft in the file), when it was discovered that the four cases identified by the Court: *Marinelli v. Montgomery County*, *Carter v. Cleveland*, *Alexander v. City of Round Lake*, and *Craine v. ABM Servs., Inc.*, were never intended to be submitted with the final brief. These cases were identified in an early stage of research and upon review, were intended to be removed from the final brief. Their continued appearance was the result of drafting error during the process of finalizing the brief. It follows that the incorrect version of the brief, which still contained reference to those cases, was inadvertently filed with this Court. Thus, the version of the brief that was placed on the docket did not reflect the revisions made by Counsel to remove those authorities. When the cases were uploaded in response the Court order, we believed what was uploaded was truly representative of what we cited in the brief we intended to file.

Upon receiving this notice, Plaintiff's counsel reviewed the brief that was uploaded to the docket, identified the error and prepared a list of cases that we intended to replace the four cases with. See, Ex. 1. All of these cases were included in the case law that was uploaded to the docket and also emailed to the Court. This was a discrepancy and was not willful disregard of the Court's September 25 Order, but rather a good faith attempt to meet the Court's directive despite technical difficulties.

## II. LAW AND ARGUMENT

### A. Legal Standard for Civil Contempt

Federal courts have long recognized that they "have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). The Supreme Court has emphasized that civil contempt is a "severe remedy" and should not be

imposed where there is a "fair ground of doubt as to the wrongfulness of the . . . conduct." *Taggart v. Lorenzen*, 587 U.S. 554, 559–60 (2019). Finally, a finding of willfulness is not required for civil contempt. Instead, what matters is whether the alleged contemnor took "reasonable steps" to substantially comply with the order. See *United States v. Conces*, 507 F.3d 1028, 1041–42 (6th Cir. 2007). While willfulness is not a formal element, the Sixth Circuit makes clear that good faith efforts may help to determine an appropriate sanction." *Gary's Elec.*, 340 F.3d at 379. Thus, contempt is not appropriate where the record demonstrates that the party took diligent, reasonable steps to comply with the Court's order.

### B. Plaintiff's Conduct Does Not Meet the Standard for Contempt

Plaintiff's counsel respectfully submits that her actions do not rise to contempt under this standard. The undersigned took diligent, reasonable steps to comply with the Court's September 25, 2025, Order. On that same date, Plaintiff's counsel prepared almost 2,000 pages of caselaw to be submitted to the Court. The date of preparation can be noted on the cover page of the filing, showing it was prepared on September 25th, 2025.

In further effort to be diligent, Plaintiff's counsel wanted to review the filing with "fresh eyes" on Monday and fully intended to file it on that date. When the attempt was made to file the corrected materials, repeated CM/ECF upload errors prevented timely docketing. In even further effort to be diligent, counsel promptly notified chambers and transmitted the materials by email on September 29, 2025. These actions show good faith and substantial efforts at compliance, not willful defiance of the Court's order.

These circumstances show that Plaintiff took reasonable steps to comply with the Court's order. Any deficiency resulted from clerical error and technical filing difficulties, not willful disregard. Under Sixth Circuit precedent, such facts do not constitute contempt. Further, once the undersigned discovered the discrepancy in the filings, a document was prepared to highlight for the Court the cases

4

that should have been included with the final brief as they correspond with the cases that should have been removed. See, Ex. 1.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that it should not be held in contempt for violation of the Court's September 25, 2025, Order. Plaintiff diligently attempted to comply, prepared corrected materials with an express explanation for the four citations, and took reasonable steps to provide the caselaw to the Court. Any deficiency arose from clerical error and technical filing difficulties, not willful disregard of the Court's directive.

Accordingly, Plaintiff respectfully requests that the Court discharge its September 30, 2025, Order to Show Cause and decline to impose contempt sanctions.

### LOCAL RULE CERTIFICATION

This case is expected to be assigned to the standard track. This motion conforms to the extended page limitations and requirements set forth in Local Rule 7.1 as modified by the Court on October 2, 2025, and was filed within the time limits mandated by the Rules.

*[signature]*

Arleesha Wilson, Esq.
*Attorney for Plaintiff*