IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SAFE CHOICE, LLC, | Case No. 1:24-cv-02033-PAB |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| CITY OF CLEVELAND, | |
| | MEMORANDUM OPINION AND |
| Defendants. | ORDER |

On October 17, 2025, the Court issued a Memorandum Opinion and Order (the "10/17/25 Order"), in which it ordered counsel for Plaintiff Safe Choice LLC, Attorney Arleesha Wilson, to show cause why the conduct specifically described in that Order is not a violation of Fed. R. Civ. P. 11(b). (Doc. No. 29.) On October 24, 2025, Attorney Wilson filed Plaintiff's Response to Court's Show Cause Order. (Doc. No. 31.)[1] As explained in greater detail below, upon review of Attorney Wilson's Response, the Court finds that Attorney Wilson violated Fed. R. Civ. P. 11(b) and *sua sponte* imposes sanctions on her pursuant to Fed. R. Civ. P. 11(c) as set forth herein.

**I.  Background**

The relevant background is set forth fully in the 10/17/25 Order and will not be repeated herein. (Doc. No. 29.) The Court presumes familiarity with its previous Orders in this matter, including the 10/17/25 Order.

---

[1] Attorney Wilson initially filed a document on October 24, 2025, which she docketed as "Affidavit/Declaration." (Doc. No. 30.) Upon the Court's review, Attorney Wilson did not file an affidavit or a declaration and appears to have filed a duplicate copy of her Response, which was filed as a "Brief." (Doc. No. 30.) Accordingly, the Court considers Doc. No. 31 as the operative Response.

**II.     Analysis**

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "A district court may '[o]n its own' initiate the sanctions process by 'order[ing] an attorney . . . to show cause why conduct specifically described in the order has not violated Rule 11(b).'" *Bojicic v. Dewine*, 145 F.4th 668, 671 (6th Cir. 2025) (quoting Fed. R. Civ. P. 11(c)(3)). A district court may then "impose[] Rule 11 sanctions sua sponte" after ordering counsel to show cause under Fed. R. Civ. P. 11(c)(3). *Id.* (quoting *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 856 (6th Cir. 2010)).

**A.     Attorney Wilson violated Rule 11(b)**

In the 10/17/25 Order, the Court found that Attorney Wilson violated Rule 11 in three separate ways: (1) by citing four non-existent cases in Plaintiff's Opposition to the City's Motion for Judgment on the Pleadings (the "Opposition") (Doc. No. 19); (2) by misrepresenting the legal significance of seven cases cited in Plaintiff's Opposition; and (3) by making the same misrepresentations in a copy of a "final" brief presented to the Court at the Contempt Hearing. (Doc. No. 29.) For the reasons set forth below, Attorney Wilson's Response to the 10/17/25 Order does not change the Court's conclusion.

**1.     Regardless of her intent, Attorney Wilson violated Rule 11 when she cited four non-existent cases in Plaintiff's Opposition (Doc. No. 19)**

Attorney Wilson concedes that that the four non-existent cases first identified in this Court's Order dated September 25, 2025 do not, in fact, exist. (Doc. No. 29, PageID #3119 (citing Tr. 25:25–26:2); Doc. No. 31, PageID #3143–44.) Attorney Wilson, however, seems to suggest that she could not have violated Rule 11 based on her subjective belief that those cases were removed from

2

Plaintiff's as-filed Opposition. (*Id.*) The Court disagrees.

Under Sixth Circuit law, Rule 11 violations "are measured against 'an objective standard of reasonableness under the circumstances.'" *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 29 (6th Cir. 2012) (quoting *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010)). Thus, "Rule 11 sanctions may be imposed regardless of whether an error was made in good or bad faith." *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No.23-11342, 2025 U.S. Dist. LEXIS 143941, at *6 (E.D. Mich. July 28, 2025).[2]

In accord with Sixth Circuit law, district courts routinely find that citation to non-existent authority violates Rule 11 regardless of intent. *See*, *e.g.*, *Mavy v. Comm'r of SSA*, No. CV-25-00689-PHX-KML (ASB), 2025 U.S. Dist. LEXIS 157358, at *19 (D. Ariz. Aug. 14, 2025) (finding Rule 11 violation even when "the inclusion of improper citations was unintentional"); *Attaway v. Ill. Dep't of Corr.*, No. 23-cv-2091-DWD, 2025 U.S. Dist. LEXIS 70842, at *5 (S.D. Ill. Apr. 14, 2025) (noting, in the context of an AI hallucination case, that "[c]arelessness, good faith, or ignorance are not an excuse for submitting materials that do not comply with Rule 11").[3] Accordingly, regardless of Attorney Wilson's subjective intent, the Court finds that her citation to non-existent cases violates

---

[2] *Accord Pittman v. Mich. Corr. Org., SEIU, Local 526*, 123 F. App'x 637, 641 (6th Cir. 2005) ("While he continues to maintain that these claims are not barred by *res judicata*, his subjective belief will not prevent imposition of Rule 11 sanctions"); *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003) ("A good faith belief in the merits of a case is insufficient to avoid sanctions"); *Invst Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 401 (6th Cir. 1987) (noting that after the 1983 amendments to Rule 11 "[t]he standard by which conduct is judged has become more stringent as well; a showing of 'good faith' will no longer be sufficient to avoid sanctions"); *Nat'l Union Fire Ins. Co. v. Wilkins*, No. 1:04-CV-401, 2006 U.S. Dist. LEXIS 19092, at *8 (S.D. Ohio Apr. 13, 2006) ("Also contrary to National Union's arguments, subjective bad faith is not required for a court to sua sponte issue sanctions").

[3] *See also Oneto v. Watson*, No. 22-cv-05206-AMO, 2025 U.S. Dist. LEXIS 201579, at *10 (N.D. Cal. Oct. 10, 2025) (finding attorney violated Rule 11 even when the attorney averred in a declaration that "he submitted the brief with a subjective, good faith belief that the cases cited reflected binding precedent"); *Seither*, 2025 U.S. Dist. LEXIS 143941 at *5–7 (holding citation to non-existent authority violated Rule 11 even when the court did "not find that these citations were submitted in bad faith"); *Dehghani v. Castro*, 782 F. Supp. 3d 1051, 1058 (D.N.M. 2025) (rejecting argument that a magistrate judge "did not appropriately weigh [the sanctioned attorney's] good intentions").

Rule 11.  (*See* Doc. 29, PageID #3118 (collecting authorities).)

### 2. Attorney Wilson violated Rule11 by misrepresenting the holdings of seven cases in Plaintiff's Opposition

The Court is likewise not persuaded by Attorney Wilson's arguments surrounding the seven cases whose findings and holdings she misrepresented in Plaintiff's Opposition.  Instead of conceding her blatant Rule 11 violations, Attorney Wilson decided to double down.

Take her citation to *Huffman v. County of Los Angeles*, 147 F.3d 1054 (9th Cir. 1998) for example.  In Plaintiff's Opposition, Attorney Wilson cited that case for the proposition that "Courts have repeatedly held where the conspiracy involves at least one actor outside the governmental entity, the doctrine does not apply."  (Doc. No. 19, PageID #224.)  As the Court explained in its 10/17/25 Order, the word "conspiracy" does not appear even once in the *Huffman* opinion.

Instead of verifying this obvious fact, and admitting her mistake, Attorney Wilson took a different approach.  She asserts that the *Huffman* Court:

> explained that under the intracorporate conspiracy doctrine, "a corporation cannot conspire with its employees or agents acting within the scope of their employment," *id.* at 1060 (citing *United States v. Hughes Aircraft Co.*, 20 F.3d 974, 979 (9th Cir. 1994), but that the doctrine "does not apply when the employees have an independent personal stake in achieving the object of the conspiracy," *id.* (citing *Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th Cir. 1993)), and further, "has been held not to bar § 1985 claims when the alleged conspiracy involves individuals who are not employees of the same entity." *Id.* (emphasis added).

(Doc. No. 31, PageID #3148.)  These quotes are fabricated.  None of these quotes appear in the *Huffman* opinion, and, in fact, the *Huffman* court never once references the *Hughes Aircraft* or *Portman* decisions.  It is painfully clear to this Court that, despite citing *Huffman* in three separate briefs, Attorney Wilson has never actually read *Huffman*.  *See Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) ("At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby

confirm the existence and validity of, the legal authorities on which they rely").

The misrepresentations do not end there. Attorney Wilson concedes that neither *Conley v. Gibson*, 355 U.S. 41 (1957) nor *Doe v. Columbia University*, 831 F.3d 46 (2d Cir. 2016) "specifically discuss damages limitations" as she claimed in Plaintiff's Opposition. (Doc No. 31, PageID #3148.) But the Court finds that her supposed reasoning for nonetheless citing these cases—that they "reaffirm liberal pleading standards that prohibit premature dismissal or narrowing of claims prior to factual development"—is specious. To start with the obvious, *Conley v. Gibson* is not good law. *Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017) ("The Supreme Court overruled the *Conley* standard in *Twombly*"). And, with respect to the *Columbia University* case, Attorney Wilson ***again*** fabricated two quotes from that case in her most recent Response.[4] Even without these fabrications, the Court, when viewing *Columbia University* in a light most favorable to Attorney Wilson, cannot determine how that case could support the initial proposition from Plaintiff's Opposition.

Attorney Wilson then claims that *Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996) "***clearly*** h[e]ld that dismissal of § 1983 claims at the pleading stage was premature, because factual development was needed." (Doc. No. 31, PageID #3148.) Clearly, Attorney Wilson has not read *Claiborne County,* as the Sixth Circuit in fact *affirmed* the district court's dismissal of *all* of plaintiff's § 1983 claims in that case at the *summary judgment* stage. *See Claiborne County*, 103 F.3d at 516 ("For the reasons explained, we AFFIRM the dismissal of ***all*** section 1983 claims") (emphasis added).

That Court does note that Attorney Wilson did not make any further misrepresentations

---

[4] For brevity, the Court does not reproduce those quotes here, but none of the alleged quotes that Attorney Wilson cites in the Response from *Columbia University* are found in the opinion.

5

concerning the final three cases: (1) *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516 (6th Cir. 1997), (2) *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019), and (3) *Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013).  The Court has considered Attorney Wilson's arguments regarding these three cases, but for the same reasons stated in the Court's 10/17/25 Order, the Court finds that Attorney Wilson violated Rule 11 when she cited them in Plaintiff's Opposition.

Thus, for these reasons, and for the reasons stated in the Court's 10/17/25 Order, the Court finds that Attorney Wilson violated Rule 11 when she cited the above-seven cases in Plaintiff's Opposition.

### 3. Attorney Wilson violated Rule 11 by misrepresenting the holdings of seven cases in the "final" brief

Because the Court is not persuaded by Attorney Wilson's arguments regarding the seven misrepresented cases, the Court is likewise not persuaded by her arguments concerning the allegedly "final" brief, a copy of which she provided to the Court at the Contempt Hearing.  The same seven cases discussed above appeared in the "final" brief, and thus, are separate Rule 11 violations.  Thus, Attorney Wilson again violated Rule 11 when she submitted the "final" brief.

### B. The Court will impose sanctions for Attorney Wilson's Rule 11 violations

"[T]he purpose of Rule 11 sanctions is to deter rather than to compensate." *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 400 (6th Cir. 2009) (quoting Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)).  "Therefore, any sanction imposed 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" *Dearborn St. Bdlg. Assocs., LLC v. Huntington Nat'l Bank*, 411 F. App'x 847, 852 (6th Cir. 2011) (quoting *Rentz*, 556 F.3d at 395).  Rule 11 permits a district court to issue "nonmonetary directives" and "an order to pay a penalty into court."  Fed. R. Civ. P. 11(c)(4).

Attorney Wilson suggests that "[d]eterrence has already been achieved," that "the lesson has been learned, and [that] the message has been received." (Doc. No. 31, PageID #3152.) This could not be further from the truth. In addition to the fabricated quotes identified above, Attorney Wilson fabricated quotes from an additional five cases in her most recent Response, four of which are Sixth Circuit cases.[5] (*See* Doc. No. 31, PageID #3142, 3145, 3151–52 (citing *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 400 (6th Cir. 2009); *Mapother v. Mapother, P.S.C. v. Cooper*, 103 F.3d 472, 478 (6th Cir. 1996); *Century Prods., Inc. v. Sutter*, 837 F.2d 247 (6th Cir. 1988); *Albright v. Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir. 1986); *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985).)

Attorney Wilson has not "been scared straight" as she suggests because she has not even complied with her own stated objective of "adher[ing] strictly to the highest standards of accuracy going forward." (Doc. No. 31, PageID #3153.) Given the fabricated quotes in her Response, the Court can only assume that Attorney Wilson is still using AI to draft her briefs and failing—whether through indifference or carelessness—to verify the accuracy of the AI-drafted quotes. Given that she has not been deterred, the Court finds that sanctions are appropriate in this case.

In considering the appropriate sanction, the Court considers multiple factors. First, the Court finds that Attorney Wilson's conduct is egregious. In sum, Attorney Wilson relied on four fake cases, mispresented the legal significance of seven cases *twice*, and then attempted to mislead the Court in her Response with fabricated quotes from *seven* cases.[6]

---

[5] Attorney Wilson relied on three of these cases to fabricate favorable quotes for why the Court should not sanction her. The irony of this is not lost on the Court.

[6] The Court notes that the fabrications in Attorney Wilson's Response are new Rule 11 violations. The Court, however, will not issue a show-cause order regarding these new violations. Attorney Wilson has wasted enough of the Court's time. Those violations are not for today and are better addressed by a different body. *See* Ohio R. Prof. Cond. 3.1 ("A

7

Second, although Attorney Wilson offered a brief and perfunctory apology at the Contempt Hearing, the Court expressly finds that her demeanor did not reflect either true remorse or an understanding of how wrong her conduct was. Indeed, whatever credibility Attorney Wilson's apology had was lost by her failing to accept responsibility in her Response. Instead of conceding her blatant Rule 11 violations, Attorney Wilson responded with new Rule 11 violations. *See Jakes v. Youngblood*, No. 2:24-cv-1608, Doc. No. 71 (W.D. Pa. Oct. 6, 2025) ("the Court believes that sanctions are necessary to deter Blackburn from future misconduct—especially due to his decision to double-down on his misuse of AI after it was brought to the attention of the Court"). Attorney Wilson also appears to attempt to shift the blame on her law clerk, which is inexcusable. *Elizondo v. City of Laredo*, No. 5:25-cv-50, 2025 U.S. Dist. LEXIS 140572, at *6 (S.D. Tex. July 23, 2025) ("While Mr. Piña attributes the errors to his law clerk's unsupervised AI use, this does not excuse his failure to verify the cited authorities").

Third, the Court finds that Attorney Wilson's conduct has caused significant harm "including wasting the opposing party's time and money, the Court's time and resources, and reputational harms to the legal system." *Morgan v. Cmty. Against Violence*, No. 23-cv-353-WPJ/JMR, 2023 U.S. Dist. LEXIS 190181, at *18 (D.N.M. Oct. 23, 2023). By relying on fabricated caselaw, Attorney Wilson has also "cost [her client] an opportunity to make the best possible argument in support of [its] claim for relief." *Sanders v. United States*, 176 Fed. Cl. 163, 169–170 (Ct. Cl. 2025).

Fourth, the Court considers that other district courts have typically imposed monetary

---

lawyer shall not bring or defend a proceeding, or assert or controvert an issue in a proceeding, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law."); Ohio R. Prof. Cond. 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"). For the avoidance of doubt, the Court considers Attorney Wilson's new Rule 11 violations for the purpose of demonstrating that she has not been deterred and is not sanctioning Attorney Wilson for that conduct.

8

sanctions of up to $6,000 for hallucinated citations. *See*, *e.g.*, *Mid Cent. Operating Eng'rs Health v. Hoosiervac LLC*, No. 2:24-cv-00326-JPH-MJD, 2025 U.S. Dist. LEXIS 100748, at *3–4 (S.D. Ind. May 28, 2025) (ordering $6,000 sanction); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 446 (S.D.N.Y. 2023) (ordering $5,000 sanction). But courts have recently begun to issue higher amounts. *See Davis v. Marion Cnty. Superior Ct. Juv. Det. Ctr.*, No. 1:24-cv-01918-JRS-MJD, 2025 U.S. Dist. LEXIS 170047, at *10 (S.D. Ind. Sept. 2, 2025) (recommending $7,500 sanction); *Noland v. Land of the Free, L.P.*, 114 Cal. App. 5th 426, 448 (Cal. Ct. App. 2025) (ordering $10,000 sanction). As the *Davis* court noted, while "[m]onetary sanctions ranging from $2,000 to $6,000 have been imposed in similar contexts in the past few years" there are a "distressing number of cases calling out similar conduct since [those] opinions were issued." *Davis*, 2025 U.S. Dist. LEXIS 170047 at *9–10; *see also Lipe v. Albuquerque Pub. Schs.*, No. 23-899 GBW/JMR, 2025 U.S. Dist. LEXIS 185610, at *10 (D.N.M. Sept. 22, 2025) ("The case at bar is by no means the first where a party has submitted fabricated case names caused by the use of an AI tool").

The Court finds that sanctions below $6,000 are not adequate to deter attorneys from haphazardly using AI tools to craft legal arguments. When imposing sanctions, Rule 11 directs a district court to limit sanctions "to what suffices to deter repetition of the conduct or *comparable conduct by others similarly situated*." Fed. R. Civ. P. 11(c)(4) (emphasis added); *see also Rentz*, 556 F.3d at 402 (reversing the district court's imposition of *de minimis* sanctions because it did not "effectively deter other attorneys from committing similar violations"). Thus, in imposing sanctions in this case, the Court also considers how to effectively deter other attorneys from committing the same violations here.

For all these reasons, and upon careful consideration, the Court imposes the following

sanctions:

1. Within 30 days of this Memorandum Opinion and Order, Attorney Wilson is ordered to pay a $7,500.00 penalty to the Clerk of Courts.

2. Within 7 days of this Memorandum Opinion and Order, Attorney Wilson shall send a copy of this Memorandum Opinion and Order, the Court's 10/17/25 Order, and her Response to the Cleveland Metropolitan Bar Association's Certified Greivance Committee. Within 7 days thereafter, Attorney Wilson shall file proof of service with this Court.

3. Within 7 days of this Memorandum Opinion and Order, Attorney Wilson shall send a copy of this Memorandum Opinion and Order, the Court's 10/17/25 Order, and her Response to Plaintiff Safe Choice, LLC. Within 7 days thereafter, Attorney Wilson shall file proof of service with this Court.

4. Within 7 days upon remand of this case to state court,[7] Attorney Wilson shall file a copy of this Memorandum Opinion and Order, the Court's 10/17/25 Order, and her Response with the state court. Within 7 days thereafter, Attorney Wilson shall file proof of that filing with this Court.

The Court finds that these sanctions are "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Attorney Wilson is advised that failure to comply with this Memorandum Opinion and Order may result in

---

[7] The Court is contemporaneously issuing a separate Memorandum Opinion and Order on the City of Cleveland's Motion for Judgment on the Pleadings. Therein, the Court is dismissing Plaintiff's federal claims, is declining to exercise supplemental jurisdiction over Plaintiff's state law claims and is remanding the case to state court. The Court retains jurisdiction to enforce the terms of this Memorandum Opinion and Order. *See Spradlin v. Richard*, 572 F. App'x 420, 428 (6th Cir. 2014) ("A court may award attorney fees, contempt sanctions, and Rule 11 sanctions after the action has been terminated because those issues all require the determination of a collateral issue: whether the attorney has abused the judicial process, and if so, what sanction would be appropriate") (internal quotation omitted); *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006) ("the Supreme Court has consistently held that federal courts retain jurisdiction over issues—such as sanctions—that are collateral on the merits").

further sanctions.

V.      Conclusion

As set forth herein, the Court *sua sponte* issues sanctions upon Attorney Wilson for her Rule 11 violations.  The Clerk is instructed to serve a copy of this Memorandum Opinion and Order, the Court's 10/17/25 Order (Doc. No. 29), and Plaintiff's Response (Doc. No 31) to the following by mail:

| | |
|---|---|
| Cleveland Metropolitan Bar Association<br>Certified Greivance Committee<br>Attn: Ted Fowles, Bar Counsel<br>1375 East 9th Street, Floor 2<br>Cleveland, OH 44114-1785 | Safe Choice, LLC<br>c/o ANITA SPENCER<br>11811 SHAKER BLVD SUITE 415<br>CLEVELAND OH 44120 |

**IT IS SO ORDERED**.

Date:  October 30, 2025

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE